CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONTAVIOUS KYREE LYONS, | ) |
| Petitioner, | ) Civil Action No. 7:23cv00035 |
| v. | ) **AMENDED MEMORANDUM OPINION**[1] |
| WARDEN J.C. STREEVAL, | ) By:  Hon. Thomas T. Cullen |
| Respondent. | )      **United States District Judge** |

Petitioner Jontavious Kyree Lyons, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Lyons challenges the validity of his federal sentences imposed in 2018 by the United States District Court for the Middle District of North Carolina. The respondent has moved to dismiss the petition for lack of jurisdiction. (ECF No. 9.) Given the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), the court will grant the respondent's motion and dismiss the petition without prejudice.

I.

In 2018, Lyons pled guilty to three counts of interfering with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"). *United States v. Lyons*, No. 1:18cr00254-1 (M.D.N.C. Nov. 27, 2018). As a condition of his plea, the government dismissed an additional count of Hobbs Act robbery and a charge of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The court sentenced Lyons to three concurrent 135-month sentences. The United States Court of Appeals for the Fourth

---

[1] The court issues this amended Memorandum Opinion in compliance with the mandate of the Fourth Circuit Court of Appeals, *see Lyons v. Streeval*, No. 23-7285 (4th Cir. Dec. 5, 2024).

Circuit affirmed his convictions and sentences on appeal. *United States v. Lyons*, No. 21-6730 (4th Cir. Sept. 14, 2021). Lyons filed a motion to vacate, set aside, or correct sentenced under 28 U.S.C. § 2255 on April 24, 2022. *United States v. Lyons*, No. 1:18cr00254-1 (M.D.N.C. Apr. 24, 2022). The district court dismissed Lyons's § 2255 motion and the Fourth Circuit dismissed the related appeal. *Id.* (Jun. 10, 2020); *United States v. Lyons*, No. 21-6730 (4th Cir. Dec. 8, 2021).

Lyons is now incarcerated at USP Lee in Lee County, Virginia. In January 2023, he filed the pending petition under 28 U.S.C. § 2241. In the petition, Lyons seeks to be resentenced and argues that he was improperly given a two-level enhancement under U.S.S.G. § 2B3.1(b)(3)(A). Lyons asserts that the two-level enhancement was improper because the government "did not meet its 'burden of proof'" to show that the victim suffered adequate bodily injury. (ECF No. 1 at 6–7.) Accordingly, he requests that his case be remanded "for resentencing [and] correction." (*Id.* at 8.)

The court previously stayed the case pending the Supreme Court's decision in *Jones v. Hendrix*. After the Supreme Court issued its decision, the court lifted the stay, and the respondent moved to dismiss the petition. Lyons has not responded to the motion to dismiss, and the time for doing so has expired.

## II.

"As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). A prisoner's ability to utilize § 2255 is limited, however, when the prisoner seeks to file a "second or successive" motion. Under § 2255(h), such motions are barred unless they are certified by a panel of the appropriate court of appeals to contain either

(1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones*, 599 U.S. at 469.

Section 2255 also includes a "savings clause" that preserves the availability of a habeas remedy "in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention.'" *Id.* § 2255(e). In *Jones*, the Supreme Court was presented with the question of whether the limitation on second or successive § 2255 motions makes § 2255 "inadequate or ineffective" such that a federal prisoner may proceed with a statutory claim under § 2241. 599 U.S. at 470. The Court answered this question in the negative, holding that "the savings clause does not authorize . . . an end-run around" the "two—and only two—conditions in which a second or successive § 2255 may proceed" as described in § 2255(h). *Id.* at 478. Instead, the savings clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.*; *see also id.* at 474 (providing examples of such "unusual circumstances" including "the sentencing court's dissolution"). Thus, "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under

the savings clause. It means that he cannot bring it at all." *Id.* at 480. Therefore, "'[i]f a section 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction.'" *Wiggins v. Warden FMC Butner*, No. 5:23-HC-02050-M, 2023 U.S. Dist. LEXIS 119051, *2 (E.D.N.C. Jul. 11, 2023) (quoting *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)).

Because Lyons seeks to challenge the validity of his sentence, the proper avenue for his claims is a § 2255 motion, which he has previously pursued. The fact that his claims do not satisfy either of the requirements for filing a second or successive § 2255 motion does not "make[] § 2255 'inadequate or ineffective' such that [he] may proceed . . . under § 2241." *Jones*, 599 U.S. at 470. Nor does Lyons identify any "unusual circumstances" that would make it "impossible or impractical for [him] to seek relief from the sentencing court." *Id.* at 474. Consequently, his petition does not satisfy the savings clause of § 2255, and he cannot proceed with his claim under § 2241.

### III.

For the reasons discussed, the court will grant the respondent's motion to dismiss and dismiss Lyons's petition without prejudice for lack of jurisdiction.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 3rd day of February, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE